Fanalon Savoie
vs. } Eq. No. 10602.
Joseph A. Pion et al.

November 23, 1931.

BLODGETT, P. J. Heard upon bill, answer and proof.

The prayer of the bill is that a certain quitclaim deed from Joseph A. Pion to his wife Clara D. Pion be declared null and void as in fraud of creditors.

The deed was executed February 6, 1930. In November, 1927, the property was purchased and deed made to Joseph A. Pion and Clara D. Pion as joint tenants.

An action at law was commenced by complainant against Joseph A. Pion February 17, 1930, for alienation of affections of wife of complainant by said Joseph. Judgment in said action was obtained against defendant Joseph on November 15, 1930, for $3,000.

For complainant, Raoul Archambault, an attorney, testified he was retained by complainant to bring said action at law January 11, 1930, and that he had several conferences with Joseph before commencing action on February 17, 1930, looking to a settlement of said claim, and that an amount was agreed upon but that Joseph notified him that he was unable to raise the money. Hence the action.

Three mortgages encumbered this property for some time before this action was begun, two of said mortgagees being made parties respondent to this bill.

Clara D. Pion testified to the purchase of the property in question and that she paid for the same $2,000 in cash and that the remainder of the purchase price was made up by money borrowed from the two first mortgagees, and that the third mortgage for $1,000 was given to raise money for the repair of the property in question and was used by her for that purpose. She further testified that previous to 1923 she and her husband carried on a milk business, known as the West Side Dairy, in property belonging to her and not connected in any way with the property in question; that in 1923 her husband executed a bill of sale to her of all his interest in said business and that since then she had managed the same, paid all bills and signed all checks, and that her husband had no share in such management. She further testified that she had no knowledge of her husband's difficulties or the suit at law until the last day of the trial; that she paid the interest on said mortgages and the taxes on the real estate herself; that in January, 1930, her husband needed one hundred dollars and she agreed to endorse a note at the bank for $100 and at that time he agreed, if she and her mother and brother would endorse the same, he would deed to her the property in question, which he subsequently, on February 6, 1930, did; that her husband never advanced any money for the purchase of said property in 1927 and that the reason the deed was made to both jointly was that he might have same in case of her death.

Apparently from the uncontradicted testimony the husband (Joseph A. Pion) never had any interest in said property except what his wife gave him, and no financial interest in the West Side Dairy. There was some consideration passing to the husband from the wife at the time of the execution of the deed of February 6, 1927, and there is no contradiction of the fact that she knew nothing of the action against her husband upon which the judgment was later had, and there is nothing improbable in the fact that he did not tell his wife of a suit of this nature.

The Court sees no reason to disbelieve her testimony and the bill must be dismissed.

Decree to this effect may be entered.

For complainant: Archambault & Archambault.

For respondents: Baker & Spicer and Walter I. Sundlun.